IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABABA ROBERT GILLIS, | : | CIVIL ACTION NO. **1:CV-13-0172** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| THOMAS DECKER, *et al.*, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I.     Procedural Background.**

On January 24, 2013, Petitioner Ababa Robert Gillis ("Petitioner"), an inmate at Pike County Correctional Facility ("PCCF"), Lords Valley, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner also filed a motion to proceed *in forma pauperis* (Doc. 4).

Named as Respondents in this habeas petition are District Immigration and Customs Enforcement ("ICE") Director Thomas Decker, Pike County Correctional Facility Warden Craig Lowe and United States Attorney General Eric Holder.[1] On January 30, 2013, we issued a Show Cause Order to the Respondents. (Doc. 5). On February 19, 2013, Respondents filed their response to Petitioner's motion with exhibits attached. (Doc. 6). On March 7, 2013, Petitioner

---

[1]We note that Petitioner only named one correct Respondent, Warden Lowe, since he is presently confined at PCCF and Lowe is the Warden at the prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Petitioner also correctly filed his habeas petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

filed a Traverse. As such, Petitioner's Habeas Petition is now ripe for review.

**II.     Factual Background**.

Petitioner is a native and citizen of Trinidad and Tobago, who was admitted to the United States on or around August 21, 1984, as a nonimmigrant visitor at New York, New York. (Doc. 6, p. 2). As such, he was permitted to remain in the United States only until February 21, 1985. (Id.). Since that time, Petitioner has been convicted on four separate occasions of criminal offenses. On August 7, 1997, he was convicted for the attempted sale of marijuana. (Id. at p. 3). On November 23, 1997 he was convicted for possessing a forged instrument. (Id.). On February 10, 1999, he was convicted for selling marijuana, and on July 7, 2003, he was convicted for receiving stolen property. (Id.). Further, Petitioner was arrested in Berks County, Pennsylvania, on charges of robbery, aggravated assault, recklessly endangering another person, harassment, false imprisonment, burglary, possessing an instrument of crime, terroristic threats, and receiving stolen property, however, the charges were ultimately dropped. (Id.).

Based upon these convictions, immigration officials issued Petitioner a Notice to Appear, charging him as removable pursuant to Section 237(a)(1)(B), Section 237(a)(2)(B)(i), and Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), and 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for a time longer than permitted. (Id.).

With the assistance of counsel, Petitioner presented evidence before the Immigration Judge ("IJ"), that his 1997 and 1999 marijuana convictions, along with his 2003 conviction for theft and receiving stolen property had been vacated for ineffective assistance of counsel on December 15, 2010, and November 1, 2011, respectively. (Id. at p. 4). At two separate hearings, on September

12, 2011 and December 15, 2011, the IJ concluded that, based on those vacaturs, Petitioner was no longer removable pursuant to the previously-cited INA sections.

On November 12, 2012, the IJ issued an order stating that Petitioner's application to change his immigration status from visitor to lawful permanent resident be denied, and that he be ordered removed for remaining in the country longer than permitted. (Id. at p. 5). Petitioner Gillis appealed the IJ's removal order to the Board of Immigration Appeals ("BIA"), and presently, that appeal is still pending with the BIA.[2] (Id.).

### III. Claims of Habeas Petition.

In his lengthy 21-page, Doc. 1 Habeas Petition, Petitioner alleges a wide variety of grounds for habeas relief. Among them, Petitioner alleges that his remaining criminal record, *i.e.* the forged instrument conviction, is insufficient to make him a "danger to the community," such that continued detention is necessary; that his present incarceration of 29 months is now prolonged and indefinite, as there is no definite end in sight for his removal proceedings; that he has not received a review of his extended custody, therefore his substantive due process rights have been violated; and finally, that he should be granted habeas relief because of the difficulty his absence poses to his family. (Doc. 1, p. 4-20). Petitioner avers further that because his mother became a naturalized U.S. Citizen prior to his eighteenth (18th) birthday, he should have automatically become a U.S.

---

[2] Although we do not have access to BIA docket sheets, as of July 8, 2013, neither party has filed any notices as the resolution of the appeal. As such, we will consider it pending before the BIA.

Citizen.³ In conclusion, he states,

> "Petitioner's claim is based on his contention that he is not subject to the mandatory detention provision of INA 236(c) being that he was not taken into custody by ICE when he was released from his one day incarceration or his time on probation and since the conviction of Possession of a Forged Instrument was from 1997 (15 years ago) and all the other cases have been vacated and petitioner settled back with his family and community since 2006, Petitioner should not qualify for mandatory/prolonged detention with ICE this long for unreasonable twenty nine (29) months. For these reasons, this Honorable Court should conclude that petitioner has shown that his continued detention violates the implicit reasonableness limitation incorporated into 8 U.S.C. 1226(c), that 29 months detention is unreasonable, particularly when petitioner was not responsible for the delay, but more specifically, a final decision may be many months away regarding resolution of these proceeding in the reasonably foreseeable future. As relief, Petitioner requests that this Court order Respondents to release him on his own recognizance, or in the alternative, to give him an individualized bond hearing before an IJ." (Id.).

**IV.     Discussion.**

We must begin by addressing the Defendants' argument that Petitioner's motion should be denied for failure to exhaust the administrative remedies available to challenge his detention. (Doc. 6, p. 5-15). As Respondents note, exhaustion is typically not required when a petitioner challenges his detention under § 1226. In the absence of a statutorily mandated exhaustion requirement, however, many courts require a showing of exhaustion nonetheless, out of concern for "sound judicial discretion." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Other Circuits have held, "As a general rule, in the absence of exception circumstances where the need for the remedy

---

³We note to the extent Petitioner is attempting a claim to U.S. Citizenship, a § 2241 motion is not the proper vehicle for such a claim, nor is this Court the proper venue to evaluate such an assertion.

4

afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Timms v. Johns*, 627 F.3d 525, 530-531 (4th Cir. 2010). Further, this Court has held that, "generally a writ of habeas corpus will not issue if the Petitioner has not exhausted his administrative remedies." *Matthias v. Hogan*, 2008 WL 913522 *4 (M.D. Pa. 2008); *see also Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) (holding that it is well settled that before a prisoner can bring a habeas petition under 28 U.S.C. § 2441, administrative remedies must be exhausted). We also acknowledge, however, that this Court has held that, "under the immigration laws, exhaustion of administrative remedies is statutorily required only on appeals of final orders of removals, 8 U.S.C. § 1252(d)(1). Exhaustion is not required when a petitioner challenges decisions concerning bond..." *Cox v. Monica*, 2007 WL 1804335 (M.D. Pa.) Indeed, in his Traverse, Petitioner cites the *Cox* case, arguing that exhaustion is not a prerequisite, as he is not appealing a final order of removal. (Doc. 8, p. 4).

In their Response, Respondents attempt to distinguish *Cox* on the grounds that the petitioner in that case was challenging a status of mandatory detention, not the discretionary detention of § 1226, and that the petitioner in that case had previously been denied bond. In the instant case, Petitioner Gillis has not previously filed for bond. Therefore, Respondents urge the court to apply the Third Circuit's reasoning in *Moscato*, which stipulates that an inmate should file for bond with immigration officials, *i.e.* exhaust his administrative grievances, before utilizing judicial resources through a habeas petition. *Moscato*, 98 F.3d at 761.

We agree with Respondents that because Petitioner has made no apparent attempts to file a basic application for bond redetermination, that the *Cox* exception to the exhaustion requirement

5

does not apply. Petitioner attaches Exhibits "A" and "B" to his Traverse, which include, two informal requests for bond. The first is a letter, dated August 16, 2011, to ICE Director Decker, requesting either Humanitarian Parole or Reasonable Bond at a hearing before the IJ on August 29, 2011. The second is a so-called "ICE Detainee 'Request Form'," which shows Petitioner inquiring into whether he was eligible to file for a bond. Although these exhibits cut against Defendants' argument, we take judicial notice that 8 C.F.R. § 1003.19(b) provides that an initial application for bond redetermination can be made orally, in writing, or by telephone with the IJ, and that, "an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." *See also* 8 C.F.R. § 1236.1(d)(1). Further, the Third Circuit has held that a pre-final removal order detainee is required to pursue his available administrative remedies, and that he may seek the court's intervention only after the final removal order has been issued. *Massieu v. Reno*, 91 F.3d 416, 425 (3d Cir. 1996).

Petitioner has not, either in his initial Petition or his Traverse, made a showing that he has filed even an initial bond request, let alone any subsequent bond requests with the IJ, as is required as a pre-final removal order detainee. Although, based on his evidence, it appears he was interested in filing such a request, he never properly did so with the IJ, as per § 1003.19. As such, Petitioner still has remedies available to challenge his continued detention before the court should consider his instant habeas petition. We will recommend therefore, that Petitioner Gillis' Petition be dismissed without prejudice at this time, pending his exhaustion of available ICE remedies before seeking the intervention of the courts.

**V.** **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Gillis' Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed without prejudice.

 s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 31, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABABA ROBERT GILLIS, | : | CIVIL ACTION NO. **1:CV-13-0172** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| THOMAS DECKER, *et al.*, | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **July 31, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

       **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 31, 2013**